The first case this morning is 522-0360, People v. Generally. Arguing for the Plaintiff Appellant is Christina O'Connor. Arguing for the Defendant Appealee is Adam Rodriguez. Each side will have 10 minutes for their argument. The Appellant will also have 5 minutes for rebuttal. Please note, only the Clerk of the Court is permitted to record these proceedings today. Good morning, Counsel. Good morning. Give me one second, I'm pulling up a couple things here and his computer is running slow this morning. As they tend to do, Judge. Yeah, especially when you need them to work. Absolutely. All right. Before we get started, I believe Ms. O'Connor filed a motion to cite some additional authority, is that correct? Yes, Your Honor. And we were just briefly discussing it before we started. I believe it's a very recent case. I think we are inclined to grant that motion. And then obviously would ask Mr. Rodriguez, do you wish to address that in argument today? Or if you needed time to file something in writing, we would give you some time to do that as well. No, Judge, I'm happy to discuss it during argument. So there's no need for sort of any written supplement. And is that okay with you, Ms. O'Connor? Yes, Your Honor, that's fine with me. Okay. So, with all that being said, then Ms. O'Connor, go right ahead. All right. Thank you, Your Honor. May it please the Court, Counsel, my name is Christina O'Connor. I'm an Assistant Appellate Defender at the Office of the State Appellate Defender. And I represent Mr. Nigel generally in this matter. This case raises an issue with Counsel's representation of Nigel during second-stage post-conviction proceedings. While Counsel filed a compliant Rule 651C certificate, the record rebuts any presumption that Counsel actually complied with the requirements our Supreme Court set forth. Therefore, this Court should reverse and remand this case for new second-stage proceedings with newly appointed Counsel. In this case, Counsel was appointed to assist Nigel with his post-conviction petition. And Counsel chose to file an amended petition here. This means that there is a presumption that Counsel believed all of the claims he chose to raise has merit. And he was required to present those claims in the appropriate legal form in order to provide reasonable assistance and comply with Rule 651C. But that did not occur in this case. In the amended petition, the claims were that Nigel's sentence violates the Proportionate Penalties Clause because he was 19 years old at the time of the offense, and his youth was not adequately considered by the trial court when he was sentenced, especially considering the recent research and brain development. Additionally, Counsel realleged Nigel's Eighth Amendment claim as well, although that claim was dropped during the last appeal in front of this Court in light of our Supreme Court's decision in buffer, which further supports that Counsel just did not understand the applicable law here. And this is because, following our Supreme Court's precedent, Nigel had to present specific facts and circumstances in order to show that he was more akin to a juvenile to fall under the Emerging Adult Framework set forth under House and Harris. And Counsel cited to some of these decisions as well, so he should have been aware of the evidence that was required to support Nigel's claims, yet he failed to include any of that information. In this case, Counsel did not provide any specific facts about Nigel to support his argument, either in the amended petition or at the hearing, but instead relied on arguments that the State of Illinois does not deem individuals under 21 to be adults for certain purposes, such as purchasing tobacco or alcohol, that Nigel's co-defendants received less time, although they were sentenced after Nigel, so it's unclear how the trial court would have been privy to that type of information and should have used it, and that IDOC does not have a lot of rehabilitation or vocational services available. And all of these arguments may support why the Court should have considered Nigel's youth, but Counsel still needed to provide some facts about Nigel, specifically, that should have been presented to the Court, that the Court should have or could have considered. Even more concerning is that in Counsel's relief statement on Common Law, page 350 in the amended petition, Counsel specifically asked for an evidentiary hearing where Nigel could produce evidence that at the time of his crime, he was an emerging adult and should be sentenced as such during, but so therefore Counsel knew that he was required to present some evidence that Nigel was an emerging adult, and he did cite to some case law that explained what that evidence was, but Counsel still did not present any of that evidence whatsoever in the amended petition or at the hearing to support why Nigel actually should fall under this framework. And instead, Counsel actually argued in the petition that at this point, it can be argued that the Court should have given this case all the consideration that a juvenile offender would have under Miller, but then also said right after that, it is clear that no case law in Illinois supports that argument. So here, all Counsel had to do was present some facts about Nigel to support the claim that he chose to raise in the amended post-conviction petition. And again, there is a presumption that Counsel believed these claims to have merit. So that means he was required to present these claims in the appropriate legal form at these second stage proceedings, and that just did not happen here. Also, importantly, our Supreme Court in Addison recently reaffirmed that it is improper to consider the merits of the petition when Counsel fails to adequately perform his duties under Rule 651C. Specifically on paragraph 41 of the Addison decision, Court reaffirmed that it would not be appropriate to affirm the dismissal of the petition when Counsel had not shaped the claims in the proper legal form, nor should this Court speculate whether the trial Court would have dismissed the petition without an evidentiary hearing if Counsel had adequately performed his duties under Rule 651C. Therefore, this Court does not need to consider the merits of Nigel's claims at this stage. Therefore, although Nigel has pointed out some facts that could have been used to support his argument in the amended petition on appeal, he was not required to do so, and again, he does not have to prove any prejudice from Counsel's unreasonable assistance, nor are the merits of his claims relevant for this Court's determination of whether Counsel complied with Rule 651C. The purpose of Rule 651C is to ensure that petitioners such as Nigel get the reasonable assistance of Counsel when presenting their claims to the trial Court that there was a violation of their constitutional rights. In this case, the record rebuts any presumption that Counsel provided Nigel with reasonable assistance. Therefore, Nigel asked this Court to reverse and remand this case for new second-stage proceedings with newly appointed Counsel. Does the Court have any questions? If I look correctly, I believe the case you requested to cite was People v. Huff. Does that sound right? Do you want to address that? Sure, Your Honor. So, in that case, it was slightly different from what occurred in this case, because in there, the petition moved on without review, and then Counsel stood on the petition. So, we cited to this case just to highlight the differences and illustrate why remand is required here. So, in Huff, this Court actually reset Nigel's petition back down, saying that he had stated the gist of a constitutional claim. So, we already have that presumption. And then once Counsel reviewed everything, he decided to file an amended petition, which again shows that he believed the claims to have merit. So, because of this, he was required to shape the claims into the appropriate legal form. And then, additionally, it just reaffirms again that Nigel did not have to prove any prejudice here on appeal for Counsel's failures to amend the claims into the appropriate legal form. So, we just cited to that as an illustration to reaffirm and support our position. Thank you, Counsel. I take it that concludes until rebuttal? Yes, Your Honor. Okay. Before we move on, Justice Welch or Justice Moore, do you have any questions for Ms. O'Connor? No questions. Okay. And obviously, you'll have your rebuttal time. Mr. Rodriguez, go right ahead. Thank you. Good morning, Your Honors. And may it please the Court. In this case, the defendant has failed to rebut the presumption that he received reasonable assistance from his post-conviction counsel. In this case, the defendant was a 19-year-old adult when he shot the victim at point-blank range, killing him during an attempted robbery to pay a drug debt. Despite entering into a partially negotiated guilty plea where he explicitly agreed to be sentenced within a range of 20 to 40 years for the crime, the defendant filed a post-conviction petition in which he claimed that his 33-year sentence violated our State Constitution's Proportionate Penalties Clause because the trial court failed to adequately consider his youth in attendance circumstances in sentencing him. On appeal, the defendant contends that PC Counsel did not adequately present his Proportionate Penalty Clause claim based on the attendance of Miller v. Alabama and its progeny. Substantively, the defendant has failed to rebut the presumption that he received reasonable assistance from PC Counsel where his Proportionate Penalties Clause claim is meritless. In this case, the defendant was an adult at the time he committed the offense and his 33-year non-de facto life sentence does not shock the moral sense of the community. Furthermore, while PC Counsel sufficiently framed the defendant's Proportionate Penalty Clause claim, his claim still fails because the defendant doesn't sufficiently identify what specific facts and circumstances exist that would show how the evolving science on juvenile maturity and brain development that helped form the basis of the Miller decision applies to the defendant. To start, Miller does not directly apply to the defendant. As the Supreme Court stated in Buffer, a de facto life sentence of more than 40 years or excuse me, a sentence of 40 years or more is a de facto life sentence. Here, the defendant was sentenced to 33 years. Also, he was not a juvenile. He was 19 years old at the time of the offense. As our Supreme Court indicated in Harris, the line of demarcation regarding being a juvenile and being an adult is 18 years old. So, the tenets of Miller do not directly apply to him. Despite that, the defendant nonetheless claims that PC Counsel failed to adequately present his Miller Proportionate Penalty Clause claim. However, PC Counsel appropriately framed the defendant's Miller claim in the amended post-conviction petition by asserting that the defendant was 19 years old when he committed the offense, that the PSI report admitted as evidence that sentencing referred to defendant's age and home life, which the sentencing court considered. That's identified at 134 to 136 of the record. PC Counsel cited to this court's prior decision and I'll refer to it as Generally 1. PC Counsel repeatedly argued at the motion to dismiss hearing that the trial court failed to meaningfully consider the defendant's age and his childhood, that the court failed to recognize the defendant as an emerging adult, and that the trial court's failure to meaningfully consider defendant's youth in mitigation constituted a violation of the Proportionate Penalty Clause. Counsel also argued that given defendant's emerging adult status, he was susceptible to a compulsion during this offense, which implicated issues of youth and further supported his parole.   As such, PC Counsel sufficiently alleged defendant's Miller Proportionate Penalty Clause claim in the amended petition and further argued in support of it before the trial court. Defendant's claim is nonetheless meritless because he hasn't identified what specific facts and circumstances applied to him to shape his Miller claim.  The second stage is simply the legal sufficiency of the petitioner's factual allegations and the relevant standard for moving to third stage is whether the petitioner made a substantial showing of a constitutional violation. In other words, a substantial showing of a constitutional violation must be made at the second stage is a measure of the legal sufficiency of the defendant's well-pled allegations of a constitutional violation. In this case, defendant does not plead any facts that specifically set forth how the tenets of Miller apply to him. Instead, defendant just cites two self-serving assertions in his clemency petition showing that he grew up in a broken home, that he grew up being poor, that he was picked on from unspecified learning disability, as somehow being relevant to the issue of his brain development. In fact, the only other kind of additional support he claims warrants any relevance to a Miller claim are certificates showing he completed various courses in prison. Yet defendant doesn't at all connect critically how those facts speak to the issue of his emerging adult status or that his brain was akin to that of a juvenile defendant and not an adult defendant. And I would argue that they simply don't. So in this case, even under the second stage, defendant hasn't well-pled any sufficient facts and identified anything with specificity for which this court can look at, rely on to determine whether there was a substantial showing of a constitutional violation. Defendant during argument brought up Addison. I want to spend some time discussing that because I think it's relevant to this issue. Defendant argued a moment ago that Addison says it's improper for the court to consider the merits of the claim. That's simply not true. That's not what Addison holds. Addison is quite distinguishable and actually doesn't support the defendant's argument. In Addison, post-conviction counsel advanced the defendant's excuse me, the post-conviction court advanced the defendant's pro se petition, appointed counsel who filed a facially valid 651c cert stating that they had made the amendments to the defendant's pro se petition necessary to adequately present five of the defendant's claims alleging ineffective assistance of counsel. The Supreme Court observed that the defendant's pro se petition had advanced the second stage because the post-conviction court found it argued or alleged the general interest of the meritorious claim and while PC counsel had determined that some of those claims in the defendant's pro se petition were worth pursuing, PC counsel did not assert that appellate counsel was ineffective for failing to raise issues on direct appeal or in any way allege that appellate counsel himself was ineffective. Furthermore, when the state argued during the motion to dismiss sentencing, during the motion of the mishearing, that the defendant's claims could have been raised on direct appeal, PC counsel never once countered the state's assertion that she had failed to allege ineffective assistance or address the wave of argument. Thus, the adjustment found that PC counsel had failed to provide reasonable assistance because one in failing to make this simple routine amendment to defendant's pro se petition to avoid forfeiture, that rebutted the presumption of reasonable assistance and two, by eliminating necessary allegations in 14 of the claims that were contained in the defendant's pro se petition, PC counsel actually made the claims worse. So, the amended petition did not further defendant's arguments that arose out of his PC petition. They actually harmed them by the amendments. As such, Addison holds that procedural failures in shaping claims rebuts the presumption of reasonable assistance irrespective of the underlying merits. That holding does not resolve the issue here regarding the insufficiency of specific factual allegations related to defendant's Miller Proportionate Penalties Clause claim. Moreover, Addison simply stands for the principle where post-conviction counsel demonstrates belief in the merit of defendant's claims, but either doesn't advance routine amendments to preserve those claims and to prevent arguments by the state, then the defendant has shown that counsel provided reasonable assistance and rebuts the general presumption that exists under 651C. Thus, unlike Addison, the claim at issue here was not one that post-conviction counsel believed was worth pursuing, but through their amended petition, they made the claims worse. Additionally, while defendant claims that PC counsel should have amended his petition to provide necessary evidentiary support related to his Miller claim, again defendant doesn't highlight anything to this court as to what should have been amended that would have supplemented or more fully framed the issue. Again, I contend because there is nothing that exists in this case that would support a Miller claim to defendant. Lastly, Your Honors, I did want to touch base on Huff. Defendant, I think, advances a rather tortured reading of Huff. In that case, the defendant was convicted of first-degree murder. Initially, he argued that there was an Apprendi issue related to his right to a jury determination of death eligibility. Ultimately, the trial court determined that he was eligible for death, but due to mitigation, amended or sentenced him to natural life. Later, defendant directly appealed his conviction based on the same alleged Apprendi violation, and the appellate court affirmed the defendant's conviction. Years later, the defendant filed a post-conviction petition alleging the same Apprendi issue. On appeal, the defendant argued that because his pro se petition was deficient on its face, post-conviction counsel acted unreasonably by neither amending the petition nor moving to withdraw. If I could just briefly conclude my point on this, Judge. In finding PC counsel provided reasonable assistance, the Supreme Court found that PC counsel had certified and made amendments necessary to adequately present the defendant's claims. And because no further amendments were made, the court said that was consistent with the presumption under Rule 651C that if there were any further amendments to be made, counsel would have made them. They asserted that they didn't. They asserted that they continued to advance defendant's pro se claims that they were sufficient in and of themselves. So, since there were no indications in the record that PC counsel knew or even believed that the claims were frivolous or without merit, the court asked a sort of ancillary issue whether PC counsel should have moved to withdraw when petitioner's pro se petition resulted or, excuse me, posited a weak legal claim, but that the claim was presented in its best legal form. And ultimately, the court said, based on the presumptions of 651C, the defendant did not rebut those presumptions and counsel, through the filing of the certificate, indicated that there are no further amendments and that the filing of the petition in its form was sufficient in and of itself. You know, given that circumstance, I would actually argue that Huff supports the people's position because there's a presumption here based on the amendments made that there were no further amendments to be made that counsel believed defendant's Miller claim was sufficiently alleged and, therefore, defendant hasn't rebut the presumption that there was anything else to say that was missing or that there are any further amendments that should have been included. So, for these reasons, your honors, as well as argued in the people's brief, we'd ask you to confirm the defendant's conviction and sentence and deny him second stage remand with new counsel. Thank you, Mr. Rodriguez. Before we move on, Justice Welch or Justice Moore, do you have any questions? No questions. No questions. Thank you. Ms. O'Connor, go right ahead with your rebuttal. Thank you, your honor. So, first, Nigel is not asking this court to find a substantial showing that he made a substantial showing here. He is asking that counsel did not comply with Rule 651C, so any argument the state's making about the merits of Nigel's claim should just completely be disregarded at this stage. Addison does support Nigel's position and is very clear that it would not be appropriate to affirm the dismissal of the petition when counsel has not shaped the claims into the appropriate legal form. For proportionate penalties clause claims, regardless of even the emerging adult framework, it has always been required to have specific facts about why the sentence was not proportionate constitutionally wise. But, regardless, in emerging adult framework, there needs to be specific facts about Nigel presented to show why he would be more akin to a juvenile as opposed to an adult. In this case, counsel did not present any facts about Nigel here. While the state's talking about how this just means that there were no amendments to be made, that is an assumption that is not supported by the record because counsel chose to amend the petition and put forth these claims. There's a lot of evidence in this case that also just shows that counsel just did not truly understand the law about emerging adult framework. For example, again, counsel reasserted an Eighth Amendment claim that previously was acknowledged to just not be a viable claim. Counsel specifically asked for an evidentiary hearing where he could present evidence, yet failed to recognize that he had to present some evidence to even get to an evidentiary hearing. So, this is why Nigel is asking this court to find that counsel failed to shape these claims into the appropriate legal form. And all he's asking for is to have new counsel appointed. And that new attorney can then look at the claims and decide either, is this claim viable and is there facts that need to be added to support it? Or, the attorney can decide maybe these claims don't have merit and then go ahead and choose to withdraw and follow the appropriate steps that way. So, looking at this as a whole, it is clear from counsel's petition and arguments at the hearing that he has not shaped Nigel's claims into the appropriate legal form and therefore he has not complied with Rule 631C. So, we ask this court to reverse and remand for new second stage proceedings with newly appointed counsel. Does the court have any further questions? Justice Welch or Justice Moore? No questions. Well, thank you, counsel. Obviously, we'll take the matter under advisement and issue an order in due course.